**Kavita Keshni REDDY, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

**Kavita Keshni Naicker, Petitioner,**

v.

**Eric H. Holder, Jr.\*, Attorney General, Respondent.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed. R.App. 43(c)(2).

**Kavita Keshni Naicker, Petitioner,**

v.

**Eric H. Holder, Jr.\*, Attorney General, Respondent.**

Nos. 05–71516, 06–70454, 07–73227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed Feb. 18, 2009.

Phuong Nguyen Le, Esquire, Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Walter Manning Evans, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

MEMORANDUM \*\*

Petitioner Kavita Keshni Reddy is a native and citizen of Fiji of Indian decent.

\*\* This disposition is not appropriate for publication and is not precedent except as provid-

She petitions for review of the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The dispositive issue is whether the IJ's and BIA's conclusion that Reddy did not suffer persecution on the basis of any protected ground was supported by substantial evidence. We conclude that it was not supported.

■ The IJ erroneously focused on whether the harm Reddy suffered was on account of her political opinion, rather than on account of race or ethnicity. While being assailed with racial epithets, petitioner was sexually attacked, held at knife point, robbed, and threatened with death unless she and her mother left their home. When the petitioner and her mother reported the incident, the police said they would do nothing, and were true to their word. Nor did the police investigate or in any way follow up upon a subsequent incident in which stones were thrown at petitioner's house, and she and her mother were threatened with death if they did not leave. At the hearing, petitioner credibly testified that if she returned to Fiji, "they'll kill me and they'll rape me." The evidence thus compels a conclusion that Reddy established past persecution and a clear probability of future persecution on the basis of her ethnicity.

■ The government was provided with ample opportunity to show changed country conditions, and failed to show anything other than a 2005 State Department report that did not reflect any material change. *See Baballah v. Ashcroft,* 367 F.3d 1067, ed by 9th Cir. R. 36–3.

1075 (9th Cir.2004). Reddy is, therefore, eligible for asylum and entitled to withholding of removal. The evidence does not support a conclusion that Reddy is entitled to relief under CAT, however, because she has not shown that it is more likely than not she will be tortured if removed to Fiji.

The petition for review of the BIA's denial of asylum and withholding of removal is granted. The matter is remanded to the agency for the granting of withholding of removal, and for the exercise of discretion with respect to asylum.

Petition GRANTED.